UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY A. KRUSE,

       Plaintiff,

                                         CASE NO. 1:08-CV-146

v.

                                         HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

**ORDER AND JUDGMENT**
**ADOPTING REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 23) and Defendant's Objections to the Magistrate Judge's Report and Recommendation (docket # 24).

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct. The Magistrate Judge recommended that this matter be reversed and remanded for further proceedings by the Administrative Law Judge (ALJ). The Court agrees.

The Magistrate Judge correctly points out that in his Decision denying Plaintiff's application for disability income benefits (DIB) and supplemental security income (SSI), the ALJ "mentioned two possible dates for the alleged onset of disability and failed to evaluate all of plaintiff's work history in determining the last insured date." (Report and Recommendation, docket # 23, at 7.) Both dates are fundamental to a proper determination in this matter. Finding the ALJ's Decision incomplete and internally inconsistent, the Magistrate Judge recommended reversal and remand to establish Plaintiff's disability onset date and last insured date. (*Id.*) The Commissioner objects that no remand is necessary, because it would not likely change the outcome of the case. (Defendant's Objections to the Magistrate Judge's Report and Recommendation, docket # 24, at 2.) The Court agrees with the Magistrate Judge that the ALJ must state his findings, particularly those concerning such core issues, with greater precision than he has done in this matter. *See Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995) ("ALJ . . . must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning.")

The Magistrate Judge recommended reversal and remand also for a re-evaluation of inconsistent x-rays and an MRI, noting that the ALJ failed to discuss discrepancies between the negative x-ray on which he relied and other tests indicating cervical problems. (Report and

Recommendation, docket # 23, at 14.)  The Commissioner protests that the ALJ did address the various inconsistent tests in his discussion of the testimony of Dr. Rosch, a medical expert. (Defendant's Objections to the Magistrate Judge's Report and Recommendation, docket # 24, at 3.)  The record does not show, however, that Dr. Rosch testified concerning inconsistencies among the tests.  (*See* A.R. at 19-20 and at 275-280.)  The ALJ himself makes no mention of discrepancies in the results, nor does he explain why he relied on the May 1, 2003 x-ray rather than others.  The ALJ may or may not have reached the right conclusion;  unfortunately, on this skeletal record, it is impossible to tell.  The ALJ has not articulated his analysis in sufficient detail.  *See Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).  Accordingly, the matter should be reversed and remanded for a re-evaluation of the x-rays and MRI.

Finally, the Magistrate Judge correctly points out that the ALJ did not address whether or to what extent Mr. Kruse has disabling conditions independent of substance abuse, and he recommends reversal and remand for a determination of this question.  (Report and Recommendation, docket # 23, at 16.)  The Commissioner argues that no remand is necessary, because the ALJ did not deny Mr. Kruse's claim on the basis of his alcoholism or substance abuse. (Defendant's Objections to the Magistrate Judge's Report and Recommendation, docket # 24, at 4.)  The ALJ explicitly commented in his Decision that "Claimant's problem appears to be alcohol." (A.R. at 20.)  There is no indication in the record that the ALJ looked to periods of sobriety to determine whether Mr. Kruse has a work-limiting mental illness independent of substance abuse. It is unclear whether or how the ALJ may have attempted to differentiate between mental health and substance issues, nor is it clear whether or how the ALJ's concern about Mr. Kruse's substance abuse issues materially affected his determination regarding mental health issues.  The Magistrate Judge properly recommended reversal and remand.

In his Report and Recommendation, the Magistrate Judge notes that Plaintiff has filed a frivolous motion for default judgment (docket # 21.)  For the reasons the Report and Recommendation states, the Court agrees that the motion should be denied.  (*See* Report and Recommendation, docket # 23, at 16.)

Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed July 7, 2008, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **REVERSED AND REMANDED** under sentence four of 42 U.S.C. § 405(g).  On remand, the Commissioner should (1) establish Plaintiff's alleged disability onset date and his last insured date; (2) re-evaluate the x-rays and MRI; and (3) determine whether Plaintiff suffered from disabling conditions independent of substance abuse.


Dated:     April 2, 2009               /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE